CHARLESTOWN BOOT & SHOE CO. *v.* DUNSMORE *& a*

A dividend paying corporation cannot join another officer with its directors, nor compel them to act with one who is not a director, in the management of its business.

As an absolute rule, it is not the duty of the directors of a corporation to keep its property insured.

A declaration charging the directors of a corporation with negligence in not keeping its property sufficiently insured, whereby it suffered loss from the destruction of the property by fire, will be held bad on demurrer, unless sufficient facts are alleged to show that it was the duty of the directors to keep it insured.

CASE.   Demurrer to the declaration in which the following facts were alleged:—The plaintiffs are a manufacturing corporation having for its object a dividend of profits, and commenced business in 1871.   Dunsmore was elected director in 1871 and Willard in 1873, and entered upon the discharge of their duties, and have continued so to act by virtue of successive elections until the present time.   December 10, 1874, the corporation voted to choose a committee to act with the directors to close up its affairs, and chose one Osgood for such committee.   Osgood tendered his services, but the defendants refused to act with him, and contracted new debts to a larger extent than allowed by law.   By their negligence, debts due to the corporation to the amount of $2,161.23 have been wholly lost.   By their negligence in disposing of the goods of the corporation, a loss has accrued of $3,300.40.   By their neglect to sell the buildings and machinery of the corporation when they might and ought, and were urged by Osgood to sell, the same depreciated in value to the extent of $20,000.

Also for that the plaintiffs owned and possessed a certain shop of the value of $10,000, and a large amount of machinery and fixtures

of the value of $10,000; "and whereas it was the duty of said defendants, directors as aforesaid, to procure sufficient and proper insurance against fire to be made on said property, and keep the same so sufficiently insured, of all which the said defendants had notice, yet they did not and would not keep the said property so insured, and afterwards, to wit, on the 28th day of April, 1878, while the said property was so remaining without insurance, the same was wholly consumed by fire and wholly lost to the plaintiff, whereby the plaintiff suffered great loss and damage, to wit, $20,000."

*E. L. Cushing* and *H. W. Parker*, for the plaintiffs.

*Batchelder & Faulkner* and *Ira Colby*, for the defendants.

SMITH, J.  The provision of the statute is, that the business of a dividend paying corporation shall be managed by the directors. The statute reads, "The business of every such corporation shall be managed by the directors thereof, subject to the by-laws and votes of the corporation, and under their direction by such officers and agents as shall be duly appointed by the directors or by the corporation."  G. L., c. 148, s. 3; Gen. Stats., c. 134, s. 3.  The only limitation upon the judgment or discretion of the directors is such as the corporation by its by-laws and votes shall impose.  It may define its business, its nature and extent, prescribe rules and regulations for the government of its officers and members, and determine whether its business shall be wound up or continued; but when it has thus acted, the business as thus defined and limited is to be managed by its directors, and by such officers and agents under their direction as the directors or the corporation shall appoint.  The statute does not authorize a corporation to join another officer with the directors, nor compel the directors to act with one who is not a director.  They are bound to use ordinary care and diligence in the care and management of the business of the corporation, and are answerable for ordinary negligence.  *March* v. *Railroad*, 43 N. H. 516, 529; *Scott* v. *Depeyster*, 1 Edw. Ch. 513, 543; Ang. & Ames Corp., s. 314.  There is no difference in this respect between the agents of corporations and those of natural persons, unless expressly made by the charter or by-laws.  *Ib.*, s. 315.  It would be unreasonable to hold them responsible for the management of the affairs of the corporation if compelled to act with one who to a greater or less extent could control their acts.  The statute not only entrusts the management of the business of the corporation to the directors, but places its other officers and agents under their direction.  When a statute provides that powers granted to a corporation shall be exercised by any set of officers or any particular agents, such powers can be exercised only by such officers or agents, although they are

required to be chosen by the whole corporation; and if the whole corporation attempts to exercise powers which by the charter are lodged elsewhere, its action upon the subject is void. *Insurance Co.* v. *Keyser*, 32 N. H. 313, 315. The vote choosing Osgood a committee to act with the directors in closing up the affairs of the plaintiff corporation was inoperative and void.

The declaration also alleges that it was the duty of the defendants, as directors, to keep the property of the corporation insured. There is no statute that makes it the duty of the directors of a corporation to keep its property insured, and there are no facts alleged from which we can say, as matter of law, that it was the duty of the defendants to insure the property of the corporation.

*Demurrer sustained.*

STANLEY, J., did not sit: the others concurred.